**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 25-6957**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KENNETH ROSHAUN REID,

Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Rock Hill.  Cameron McGowan Currie, Senior District Judge.  (0:04-cr-00353-CMC-1)

_____

Submitted:  March 12, 2026                          Decided:  March 17, 2026

_____

Before WILKINSON and KING, Circuit Judges, and KEENAN, Senior Circuit Judge.

_____

Dismissed in part and affirmed in part by unpublished per curiam opinion.

_____

Kenneth Roshaun Reid, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kenneth Roshaun Reid has noted an appeal from the district court's order denying his 18 U.S.C. § 3582(c)(2) motion to reduce sentence.* Reid sought a sentence reduction pursuant to Amendment 826 to the Sentencing Guidelines. He also challenged the validity of his convictions. We dismiss the appeal in part and affirm in part.

The portion of Reid's motion challenging the validity of his convictions was in substance a successive 28 U.S.C. § 2255 motion. As to this portion, the district court's denial ruling is not appealable unless a circuit justice or judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists could find the district court's assessment of the constitutional claims debatable or wrong. *See Buck v. Davis*, 580 U.S. 100, 115-17 (2017). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that his motion states a debatable claim of the denial of a constitutional right. *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

We have independently reviewed the record and conclude that Reid has not made the requisite showing. The portion of the motion to reduce sentence challenging the

---

* The district court also denied Reid's motion to appoint counsel, but the denial of this motion is not at issue in this appeal.

2

validity of Reid's convictions should have been construed as a successive § 2255 motion. *See Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005); *United States v. Winestock*, 340 F.3d 200, 207 (4th Cir. 2003). In the absence of pre-filing authorization from this court, the district court lacked jurisdiction to hear Reid's successive § 2255 motion. *See* 28 U.S.C. § 2244(b)(3). Accordingly, we deny Reid's motion for a certificate of appealability and dismiss the appeal in part.

As to the district court's denial of the remainder of the motion to reduce sentence, we have reviewed the record and find no reversible error. Accordingly, we deny Reid's motions to consolidate cases and affirm the district court's order in part. *United States v. Reid*, No. 0:04-cr-00353-CMC-1 (D.S.C. Oct. 21, 2025). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART*,
*AFFIRMED IN PART*